

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 18, 1968

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas   77002

Opinion No. M-261

Re:  Authority of the Board of
Managers of the Harris Coun-
ty Hospital District and the
Harris County Board of Trus-
tees for Mental Health and
Mental Retardation to enter
into an agreement whereby
the hospital district would
furnish certain facilities
for use by the organization
headed by the Board of Trus-
tees in rendering mental
health services to residents
of Harris County.

Dear Mr. Resweber:

　　　　Your request for an opinion concerns the author-
ity of the Board of Managers of the Harris County Hospital
District and the Harris County Board of Trustees for Mental
Health and Mental Retardation to enter into an agreement
whereby the hospital district would furnish certain facil-
ities for use by the organization headed by the Board of
Trustees in rendering mental health services to residents
of Harris County.

　　　　The Harris County Hospital District was created
pursuant to the provisions of Section 4 of Article IX of
the Constitution of Texas and Article 4494n, Vernon's Civil
Statutes, enacted pursuant to Section 4 of Article IX.  The
Harris County Board of Trustees for mental health and mental
retardation constitutes a community center established pursu-
ant to the provisions of Article 5547-203, Vernon's Civil
Statutes.

　　　　The Harris County Hospital District has the re-
sponsibility for furnishing medical or hospital service to
all indigent and needy individuals in Harris County.  Attor-
ney General's Opinion No. C-641 (1966).

　　　　In Attorney General's Opinion No. C-646 (1966)
it was held:

- 1264 -

"Section 9 of Article IX of the Constitution of Texas does not permit a county in which a hospital district is created pursuant thereto to expend tax monies for medical and hospital services, but places such power, duty and authority in such hospital district. The hospital district in such event is the local authority through which community centers for mental health and mental retardation services are to be established, pursuant to the provisions of Article 5547-203, Vernon's Civil Statutes."

However, the above holding was based upon the prohibition contained in Section 9 of Article IX of the Constitution of Texas as then written, which stated as follows:

". . . providing that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district; . . ."

Section 13 of Article IX of the Constitution of Texas was adopted subsequent to Attorney General's Opinion No. C-646, supra, and provides:

"Notwithstanding any other section of this article, the Legislature in providing for the creation, establishment, maintenance and operation of a hospital district, shall not be required to provide that such district shall assume full responsibility for the establishment, maintenance, support, or operation of mental health services or mental retardation services including the operation of any community mental health centers, community mental retardation centers or community mental health and mental retardation centers which may exist or be thereafter established within the boundaries of such district, nor shall the Legislature be required to provide that such district shall assume full responsibility of public health department units and clinics and related public health activities or services, and the Legislature shall not be required to restrict the power of any municipality or political subdivision to levy taxes or issue bonds or other

> obligations or to expend public moneys for the
> establishment, maintenance, support, or opera-
> tion of mental health services, mental retarda-
> tion services, public health units or clinics
> or related public health activities or services
> or the operation of such community mental health
> or mental retardation centers within the bound-
> aries of the hospital districts; and unless a
> statute creating a hospital district shall ex-
> pressly prohibit participation by any entity
> other than the hospital district in the establish-
> ment, maintenance, or support of mental health
> services, mental retardation services, public
> health units or clinics or related public health
> activities within or partly within the boundaries
> of any hospital district, any municipality or
> any other political subdivision or state-sup-
> ported entity within the hospital district may
> participate in the establishment, maintenance,
> and support of mental health services, mental
> retardation services, public health units and
> clinics and related public health activities
> and may levy taxes, issue bonds or other ob-
> ligations, and expend public moneys for such
> purposes as provided by law." (Emphasis added.)

The purpose of the adoption of Section 13 of Article IX of the Constitution was to permit community health centers theretofore established and thereafter to be established in those counties wherein a hospital district was established to participate in the program established by the Texas Mental Health and Mental Retardation Act, and to that extent the prohibition contained in Section 9 of Article IX of the Constitution of Texas insofar as far as it relates to mental health services and mental retardation services was removed.

The Texas Mental Health and Mental Retardation Act is codified in Vernon's as Articles 5547-201 through 5547-204, Vernon's Civil Statutes. Article 3 of the Mental Health and Mental Retardation Act expressly permits the establishment and operation of community centers for mental health and mental retardation services such as the Harris County Board of Trustees for Mental Health and Mental Retardation. Section 3.01 provides for the cooperation of hospital districts in the rendering of mental health services and mental retardation services. Section 1.01 of Article 1 of the Act states that the purpose of the Act is for the conservation and restoration of mental health among the people of this state and

to provide for the effective administration and coordination of mental health services at the state and local levels. In view of the provisions of Section 13 of Article IX of the Constitution of Texas and the provisions of the Texas Mental Health and Mental Retardation Act (Articles 5547-201 through 5547-204, V.C.S.), you are advised that the Board of Managers of the Harris County Hospital District and the Harris County Board of Trustees for Mental Health and Mental Retardation may enter into agreements whereby the hospital district will furnish certain facilities to the community health center for use in rendering mental health services and mental retardation services to residents of Harris County.

S U M M A R Y

The Board of Managers of the Harris County Hospital District and the Harris County Board of Trustees for Mental Health and Mental Retardation may enter into agreements whereby the hospital district will furnish certain facilities to the community health center for use in rendering mental health services and mental retardation services to residents of Harris County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Brock Jones
John Grace
Fielding Early
Robert Crouch

A. J. CARUBBI, JR.
Executive Assistant